IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THURMON E. MOORE, II, #178615, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-cv-865-MHT |
| ) | |
| CORIZON MEDICAL SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Thurmon E. Moore, II ("Moore"), a state inmate, challenges the medical treatment provided to him for pain in his hips.  Moore names Corizon Medical Services, the contract medical care provider for the state prison system, the Alabama Department of Corrections, Staton Correctional Facility, Limestone Correctional Facility, and Dr. Hood, a physician involved in his treatment, as defendants in this cause of action.

Upon review of the complaint, the court concludes that the claims lodged against the Alabama Department of Corrections, Staton Correctional Facility, and Limestone Correctional Facility are subject to dismissal prior to service of process in accordance with the provisions of provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Moore leave to proceed *in forma pauperis* in this case. *Order of August 14, 2014 -  Doc. No. 5*.  A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

### A.  The Alabama Department of Corrections

The law is well-settled that a state agency or department, as an extension of the State, is absolutely immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").  In addition, a department of the State is "not a 'person' within the meaning of § 1983" and, therefore, is not subject to liability in a 42 U.S.C. § 1983 action.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989); *Carey v. Wynn*, Case No. 07-cv-1106-MHT-TFM (M.D. Ala. Feb. 24, 2011), *aff'd on appeal* (11th Cir. June 10, 2011) - *Doc. No. 116* at 7.  Any claims lodged against the Alabama Department of Corrections are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]  Consequently, the claims presented by Moore against the Alabama Department of Corrections are subject to summary dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

### B.  The Correctional Facilities

A correctional facility "is not a legal entity . . . subject to suit or liability under section 1983."  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Thus, the claims presented by Moore against Staton Correctional Facility and Limestone Correctional Facility provide no basis for relief and are due to be dismissed as frivolous in accordance with the provisions of 28

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

U.S.C.§ 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Alabama Department of Corrections, Staton Correctional Facility, and Limestone Correctional Facility be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Alabama Department of Corrections, Staton Correctional Facility, and Limestone Correctional Facility be dismissed as Defendants in this cause of action.

3.  This case, with respect to the allegations set forth against Corizon Medical Services and Dr. Hood, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 29, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of August, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE