IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THURMON E. MOORE, II, #178615, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CORIZON MEDICAL SERVICES, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:14-CV-865-MHT<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Thurmon E. Moore, II ["Moore"], an indigent state inmate presently incarcerated at the Staton Correctional Facility ["Staton"]. In this complaint, Moore challenges the medical treatment provided to him for chronic hip pain.

In conjunction with filing the complaint, Moore filed a motion for preliminary injunction in which he requests issuance of an injunction requiring that medical personnel furnish treatment to him including "appropriate tests, pain management medication, bottom bunk and no standing profiles, safe and functional living condition, mattress pad, walking cain (sic), [and] regular access to consult doctor." *Doc. No. 3* at 1. On August 14, 2014, the court entered an order requiring that the defendants show cause why Moore's motion for preliminary injunction should not be granted. *Doc. No. 7*. The defendants filed a response to this order, supported by relevant evidentiary materials, in which they assert that Moore is not entitled to preliminary injunctive relief. *Doc. No. 17*.

Upon review of the motion for preliminary injunction and the response to the motion filed

by the defendants, the court concludes that the plaintiff's motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Moore demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that

"the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

The evidentiary materials submitted by the defendants in support of their response, including relevant medical records and an affidavit from the Associate Regional Medical Director of Corizon, establish that Moore has been provided and is currently receiving medical treatment for his hip pain resulting from mild osteoarthritis. The medical records support this assertion and establish that Moore may access medical treatment at any time by filing a sick call request form. Moreover, these records reflect that medical personnel ordered a barrage of x-rays to assess the progression of Moore's osteoarthritis, deemed discontinuance of narcotic medication appropriate based on the nature of the condition at issue and Moore's perceived unhealthy dependence on the narcotics, advised Moore to perform weight bearing exercises to aid in maintaining strength in his hips, prescribed non-steroidal anti-inflammatory medications to alleviate Moore's discomfort, conducted various lab tests and issued a bottom bunk profile to Moore.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Moore has failed to demonstrate a substantial likelihood of success on the merits of his claims. Moore likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties,

weighs much more heavily in favor of the defendants as issuance of the requested injunction would interfere with the ability of medical personnel to effectively assess and treat inmates in accordance with their professional judgment. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Moore has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by Moore be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 23, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 9th day of September, 2014.

                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE