IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
THURMON E. MOORE II,          )
                              )
     Plaintiff,               )
                              )         CIVIL ACTION NO.
     v.                       )          2:14cv865-MHT
                              )              (WO)
CORIZON MEDICAL SERVICES      )
and DR. HOOD,                 )
                              )
     Defendants.              )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff Thurmon E. Moore, a state prisoner, filed this lawsuit challenging the medical care he has been provided for pain in his hip under the Eighth Amendment. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' motion for summary judgment should be granted. Also before the court are plaintiff's objections to the recommendation. After an independent and de novo review of the record, the court concludes that plaintiff's objections should

be overruled and the magistrate judge's recommendation adopted as the court is convinced that plaintiff has not met his burden of putting forward sufficient potentially admissible evidence to survive summary judgment on the issue of deliberate indifference. However, the court's review of the evidence submitted by defendants did raise significant concerns which must be addressed.

The court has several concerns about the following section of Dr. Hood's sworn affidavit, which the court is concerned may contain significant misstatements and misleading content. First, he attests:

> "18. Following this appointment and after consultation with the site medical staff and the regional medical staff, the decision was made to discontinue Mr. Moore's Lortab prescription, and prescribe the non-narcotic pain medical Norco as an alternative pain treatment. (COR008)...."

Affidavit of Dr. Hugh Hood (doc. no. 31-1) at 8. The court is concerned that this statement may be false, if Norco and Lortab are both narcotics with the active ingredient hydrocodone, an opiate. How, if so, could a

physician swear under oath that Norco is non-narcotic? This must be explained.

    The affidavit continues:

> "19. Mr. Moore did not voice any complaints or submit any sick call request forms related to his medications between May 24, 2012, and August 14, 2012. (COR067). Mr. Moore received and attended a follow appointment with the site physician at Limestone on August 14, 2012, at which time they continued to discuss the treatment plan for Mr. Moore's osteoarthritis and the site physician confirmed the absence of any significant changes in Mr. Moore's overall condition before renewing his prescription for Norco. (COR009)."

This statement seems to have been offered to show that after being switched to a 'non-narcotic' medication, plaintiff had no complaints. But the court is concerned that this is again misleading, if Norco is a narcotic.

    The affidavit next states:

> "20. In response to a sick call request form submitted on August 20, 2012, the medical staff summoned Mr. Moore to the health care unit at Limestone for sick call on August 21, 2012 (COR071-73), and a subsequent appointment with the clinician on August 23, 2012. During the appointment, Mr. Moore remained 'upset' because of the medical decision to discontinue

3

>    his narcotic pain regimen in favor of a non-steroidal anti-inflammatory medication. (COR018). As indicated in the medical records, Mr. Moore reported to the medical staff that he had received narcotic pain medications for more than two and a half years and that he wished to meet with the site physician. (COR018-19)."

Affidavit of Dr. Hugh Hood (doc. no. 31-1) at 8-9. Oddly, this section gives the impression that plaintiff remained upset because he had been switched to Norco, which is strange in light of the prior paragraph's statement that he had no complaints while on Norco. Furthermore, the affidavit fails to explain that, at that point, plaintiff had been switched to Motrin. Medical Notes (doc. no. 31-2) at 20 ("Continue Motrin"). The affidavit also omits that plaintiff said he was upset because he felt that "Dr. Hood stopped" his pain medication. Medical Notes (doc. no. 31-2) at 19.

While this listing is not exhaustive, one more troubling aspect of the affidavit bears mentioning. In describing the medical grievance process, Dr. Hood explains the appeal process as follows:

> "Below the portion of the form designated for the 'Response,' the following notation appears:
>
> IF YOU WISH TO APPEAL THIS REVIEW YOU MAY REQUEST A GRIEVANCE APPEAL FORM FROM THE HEALTH SERVICES ADMINISTRATOR. RETURN THE COMPLETED FORM TO THE ATTENTION OF THE HEALTH SERVICE ADMINISTRATOR. YOU MAY PLACE THE FORM IN THE SICK CALL REQUEST BOX OR GIVE IT TO THE SEGREGATION SICK CALL NURSE ON ROUNDS."

Affidavit (doc. no. 31-1) at 5-6. The court is concerned that the affidavit could be read as designed to give the impression that this notice is a direct quote both in terms of content and style, and that this notice would be easily noticeable by a prisoner. This could be viewed as again misleading. As the grievance forms contained in the record plainly show, this verbiage is not only <u>not</u> written in all capital letters, but also is written in far smaller font than any of the other instructions on the page. Grievance Records (doc. no. 31-3) at 52-61. This allegedly misleading presentation of facts is most concerning.

In an order separate from the judgment that will be entered today, defendants will be required to address these concerns. If these concerns remain after that,

5

the court will decide later what action, if any, would be appropriate.

DONE, this the 29th day of September, 2017.

                        /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE